# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | | |
|---|---|---|
| In re: CAROLYN LYNN WHITE, | ) | Case No. 08-61734-LYN |
| | ) | |
| Debtor. | ) | |
| | ) | |
| CAROLYN LYNN WHITE, | ) | Adv. No. 08-06105 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ACCELERATED RECOVERY SYSTEMS, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

## MEMORANDUM

This memorandum issues pursuant to an order of remand from the United States District Court after appeal of a judgment of this Court. The original judgment of this Court followed a trial on a complaint filed by Carolyn Lynn White ("the Plaintiff") against Accelerated Recovery Systems, Inc., ("the Defendant") seeking damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq.

### *Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed.

1

R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*Facts*

On January 4, 2008, the Plaintiff filed a chapter 13 petition initiating the above-styled case. The Plaintiff scheduled a debt owed to Joseph J. Waff, III, DDS, in the amount of $868.00.

Pre-petition, the Plaintiff received a notice from the Defendant on behalf of Dr. Waff seeking to collect the debt owed to him by the Plaintiff. The notice stated that the Defendant would assume that the debt was valid unless the debtor disputed the validity of the debt within 30 days from the date of the notice.

A judgment issued from this Court in favor of the Defendant. The Plaintiff appealed. The United States District Court remanded instructing this Court to award statutory damages up to $1,000, to award costs and reasonable attorney's fees, and to consider an award of actual damages.

*Discussion.*

In his complaint, the Plaintiff asked generally for actual damages. At the hearing on this matter, the Plaintiff did not present any evidence in support of an award of actual damages, nor did she argue a basis on which actual damages might be based. Accordingly, no actual damages will be awarded.

The Plaintiff also asked for statutory damages in her complaint. The maximum statutory damages of $1,000.00 is per action, or complaint, not per violation. See Wright v. Finance Service of Norwalk, Inc., 22 F.3d 647, 650 (6th Cir.1994). The nature of the violation is a factor to consider in assessing statutory damages. Id. The number of violations is a factor in considering the amount of statutory damages. See Miele v. Sid Bailey, Inc., 192 B.R. 611 (S.D.N.Y. 1996). In this case, the Defendant committed only a single violation. It appears to

this Court that she did not intend to violate the law. Statutory damages will be awarded in the amount of $300.00.

The Plaintiff also sought attorney's fees in her complaint. At the hearing on this matter, the Plaintiff asked for attorney's fees in the amount of $122.50. That amount is reasonable and will be awarded.

An appropriate judgment shall issue.

Upon entry of this memorandum and order the Clerk shall forward copies of this order to Marshall M. Slayton, Esq., Larry L. Miller, Esq., and Betty C. Wheelock, Registered Agent of the Defendant.

Entered on this __12th__ day of April, 2010.

                                               /s/ William E. Anderson
                                               _____
                                               William E. Anderson
                                               United States Bankruptcy Judge